FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 17 2011

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Michael C. Ormsby
United States Attorney
Eastern District of Washington
Aine Ahmed
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CR-07-120-EFS |
| vs. | ) | Plea Agreement |
| JOSEPH PATRICK CURRY, | ) | |
| Defendant. | ) | |

Plaintiff United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Aine Ahmed, Assistant United States Attorney for the Eastern District of Washington, and the Defendant, JOSEPH PATRICK CURRY, and the Defendant's counsel, Mr. Christian Phelps, agree to the following Plea Agreement:

1.    <u>Guilty Plea and Maximum Statutory Penalty</u>:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant, JOSEPH PATRICK CURRY, agrees to plead guilty to Count 2 of the Indictment, CR-07-120-EFS, filed on October 23, 2007, which charges the Defendant with Importation of 3,4-methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance, in violation of 21 U.S.C. §§ 952 and 960. Count 2 is a Class C felony, carrying a maximum statutory penalty of not more than (20) years

Plea Agreement - 1
curryplea.wpd

1   imprisonment; a term of supervised release of not less than three (3) years nor

2   more than life; a fine not to exceed $1,000,000; forfeiture; denial of certain federal

3   benefits; and a $100 special penalty assessment.

4         The Defendant, JOSEPH PATRICK CURRY, understands that a violation

5   of a condition of supervised release carries an additional penalty of re-

6   imprisonment for all or part of the term of supervised release, without credit for

7   time previously served on post-release supervision.

8         2.   <u>Denial of Federal Benefits</u>:

9         The Defendant understands that by entering this plea of guilty he is no

10  longer eligible for assistance under any state program funded under part A of Title

11  IV of the Social Security Act (concerning Temporary Assistance for Needy

12  Families) or benefits under the food stamp program or any state program carried

13  out under the Food Stamp Act.  21 U.S.C. § 862a.  Further, the Court may deny the

14  Defendant's eligibility to any grant, contract, loan, professional license, or

15  commercial license provided by an agency of the United States or by appropriated

16  funds of the United States.  21 U.S.C. § 862.

17        3.   <u>The Court is Not a Party to the Agreement</u>:

18        The Court is not a party to this Plea Agreement and may accept or reject this

19  Plea Agreement.  Sentencing is a matter that is solely within the discretion of the

20  Court.  The Defendant understands that the Court is under no obligation to accept

21  any recommendations made by the United States and/or by the Defendant; that the

22  Court will obtain an independent report and sentencing recommendation from the

23  U.S. Probation Office; and that the Court may, in its discretion, impose any

24  sentence it deems appropriate up to the statutory maximums, notwithstanding the

25  Rule 11(c)(1)(C) nature of this Plea Agreement.

26        Pursuant to Fed. R. Crim. P 11(c)(1)(C), the Defendant and United States

27  agree to jointly recommend that the Court impose a term of imprisonment of one-

28  hundred and two (102) months followed by three (3) years of supervised release.

Plea Agreement - 2
curryplea.wpd

1    However, the Defendant acknowledges that no promises of any type have been

2    made to the Defendant with respect to the sentence the Court will impose in this

3    matter.

4    The Defendant understands that this Plea Agreement is entered pursuant to

5    Fed. R. Crim. P. 11(c)(1)(C), and that the United States may withdraw from this

6    Plea Agreement if the Court imposes a sentence lower than one-hundred and two

7    (102) months followed by three (3) years of supervised release. The Defendant

8    further understands that the Defendant has the option to withdraw from this Plea

9    Agreement if the Court imposes a sentence higher than one-hundred and two (102)

10    months followed by three (3) years of supervised release.

11    4.    Waiver of Constitutional Rights:

12    The Defendant, JOSEPH PATRICK CURRY, understands that by entering

13    this plea of guilty the Defendant is knowingly and voluntarily waiving certain

14    constitutional rights, including:

15        (a).    The right to a jury trial;

16        (b).    The right to see, hear and question the witnesses;

17        (c).    The right to remain silent at trial;

18        (d).    The right to testify at trial; and

19        (e).    The right to compel witnesses to testify.

20    While the Defendant is waiving certain constitutional rights, the Defendant

21    understands the Defendant retains the right to be assisted through the sentencing

22    and any direct appeal of the conviction and sentence by an attorney, who will be

23    appointed at no cost if the Defendant cannot afford to hire an attorney. The

24    Defendant also acknowledges that any pretrial motions currently pending before

25    the Court are waived.

26    5.    Elements of the Offenses:

27    The United States and the Defendant agree that in order to convict the

28    Defendant of Importation of MDMA, in violation of 21 U.S.C. §§952 and 960, as

Plea Agreement - 3
curryplea.wpd

1    charged in Count 2 of the Indictment, CR-07-120-EFS, the United States would

2    have to prove, beyond a reasonable doubt, the following elements:

3          First,        or about August 10, 2007, in the Eastern District of

4                        Washington, the defendant knowingly brought MDMA into the

5                        United States from a place outside the United States, to wit:

6                        Canada;

7          Second,       the defendant knew the substance he was bringing into the

8                        United States was MDMA; and

9          Third,        the substance that the Defendant imported into the United

10                       States was MDMA.

11   6.    Factual Basis and Statement of Facts:

12         The United States and the Defendant stipulate and agree that the following

13   facts are accurate; that the United States could prove these facts beyond a

14   reasonable doubt at trial; and that these facts constitute an adequate factual basis

15   for JOSEPH PATRICK CURRY's guilty plea.  Pertinent facts are set out below in

16   order to provide a factual basis for the plea and to provide facts which the

17   Government and Defendant believe are relevant for computing the appropriate

18   guideline range. This statement of facts does not preclude either party from

19   presenting and arguing, for sentencing purposes, additional facts which are

20   relevant to the guideline computation or sentencing, unless otherwise prohibited in

21   this agreement.

22         On August 10, 2007, the Defendant, Joseph Patrick Curry, a Canadian

23   citizen, flew his red and white Cessna 172 airplane, bearing tail number C-FKHR,

24   from Penticton, Canada, into the United States.  Curry landed the plane in

25   Conconully, Washington, which is located within the Eastern District of

26   Washington, and then fled the area on foot.  Based on witness statements, it is

27   believed that Curry had to make an emergency landing due to mechanical

28   problems with the plane.  United States law enforcement personnel later recovered

Plea Agreement - 4
curryplea.wpd

1  over 29.89 kilograms of pure 3,4-methylenedioxymethamphetamine (also known

2  as MDMA or Ecstasy) in three duffel bags approximately one hundred yards from

3  the plane.  A farmer, who happened to be in a nearby field, saw a male figure walk

4  from a nearby tree line to the plane and then back to the tree line, located near

5  where the MDMA was later found by law enforcement officers. The Defendant

6  admits that he imported this MDMA from Canada with the intent to distribute it to

7  another person in the United States.  The Defendant admits that he knew that the

8  substance was MDMA when he left Canada.

9       The substance seized was tested by the DEA Laboratory and was found to

10  contain a detectable amount of the controlled substance 3,4-

11  methylenedioxymethamphetamine hydrochloride.  The substance was found to be

12  29.69 kilograms of actual (pure) MDMA.  ~~This amount of MDMA can be used to~~

13  ~~manufacture over 600,000 ecstasy pills.~~  *AA CF*

14       7.    Waiver of Inadmissibility of Statements:

15       The Defendant agrees to waive the inadmissibility of statements made in the

16  course of plea discussions with the United States, pursuant to Fed. R. Crim.

17  P. 11(f).  This waiver shall apply if the Defendant withdraws this guilty plea or

18  breaches this Plea Agreement.  The Defendant acknowledges that any statements

19  made by the Defendant to law enforcement agents in the course of plea discussions

20  in this case would be admissible against the Defendant in the United States' case-

21  in-chief if the Defendant was to withdraw from this plea of guilty or to breach this

22  Plea Agreement.

23       8.    The United States Agrees:

24       (a.)   Not to File Additional Charges:

25       The United States Attorney's Office for the Eastern District of Washington

26  agrees not to bring any additional charges against the Defendant based upon

27  information in its possession at the time of this Plea Agreement, and arising out of

28  the Defendant's conduct involving illegal activity charged in this Indictment;

Plea Agreement - 5
curryplea.wpd

1    unless the Defendant breaches this Plea Agreement any time before or after

2    sentencing.

3              (b.)    Dismissal of Count 1 and Count 3:

4              The United States agrees to move that the Court dismiss Count 1 and Count

5    3 of the Indictment, CR-07-120-EFS.  Count 1 charges the Defendant with

6    Possession with the Intent to Distribute Ecstasy, in violation of 21 U.S.C. §

7    841(a)(1), (b)(1)(C).  Count 3 charges the Defendant with Entry Without

8    Inspection, in violation of 8 U.S.C. § 1325(a).

9         9.    United States Sentencing Guideline Calculations:

10             The Defendant understands and acknowledges that the 2010 United States

11   Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that

12   the Court will determine the Defendant's applicable sentencing guideline range at

13   the time of sentencing.

14             (a.)    Base Offense Level:

15             The United States contends that the base offense level for Count 2 of the

16   Indictment is thirty-six (36).  See U.S.S.G. § 2D1.1, application note 5. A total of

17   29,690 net grams of pure MDMA is equivalent to 14,845 kilograms of marijuana.

18   See U.S.S.G. § 2D1.1, application note 10(E)("Drug Equivalency Table").

19             (b.)    Specific Offense Characteristics:

20             The United States contends that two (2) offense levels should be added

21   because the Defendant used an aircraft to bring the MDMA into the United States

22   from Canada, and was also the pilot of the aircraft, which was not a commercial

23   scheduled air carrier.  U.S.S.G. § 3B1.1(c).  If the Defendant provides a truthful

24   and complete recitation of his criminal activities prior to sentencing, the

25   Defendant may be eligible for safety valve consideration.  If the Court finds that

26   he qualifies for safety valve, then the Defendant would receive a two (2) offense

27   level decrease.  See U.S.S.G. §§ 5C1.2 and 2D1.1((b)(11).

28

Plea Agreement - 6
curryplea.wpd

1          (c.)   <u>Acceptance of Responsibility</u>:

2        If the Defendant pleads guilty and demonstrates a recognition and an

3 affirmative acceptance of personal responsibility for the criminal conduct;

4 provides complete and accurate information during the sentencing process; does

5 not commit any obstructive conduct; accepts this Plea Agreement; and enters a

6 plea of guilty no later than February 15, 2011, the United States will recommend

7 that the Defendant receive a two (2)-level downward adjustment for acceptance of

8 responsibility, and the United States will move for a one (1)-level downward

9 adjustment in the Defendant's offense level for timely entering a plea of guilty,

10 pursuant to U.S.S.G. § 3E1.1(a) and (b).

11        The Defendant and the United States agree that the United States may at its

12 option and upon written notice to the Defendant, not recommend a three (3)-level

13 downward reduction for acceptance of responsibility if, prior to the imposition of

14 sentence, the Defendant is charged or convicted of any criminal offense

15 whatsoever or if the Defendant tests positive for any controlled substance.

16        Furthermore, the Defendant agrees to pay the $100 mandatory special

17 penalty assessment to the Clerk of Court for the Eastern District of Washington, at

18 or before sentencing, and shall provide a receipt from the Clerk to the United

19 States before sentencing as proof of this payment, as a condition to this

20 recommendation by the United States.

21         (d.)   <u>Final Offense Level</u>:

22        If the Court finds the Defendant safety valve qualified, then the Defendant's

23 final offense level would be thirty-three (33). Otherwise, if he is found not be

24 safety valve qualified, the Defendant's final offense level would be thirty-five

25 (35).

26      10.   <u>Criminal History</u>:

27        The United States and the Defendant understand that the Defendant's

28 criminal history computation will be determined by the Court. The United States

Plea Agreement - 7
curryplea.wpd

and the Defendant have made no agreement and make no representations as to the criminal history category.

11. <u>Incarceration</u>:

The United States and Defendant agree, pursuant to Fed.R.Crim.P. 11(c)(1)(C), to jointly recommend that the Court impose a sentence of one-hundred and two (102) months incarceration.

12. <u>Supervised Release</u>:

The United States and Defendant agree, pursuant to Fed.R.Crim.P. 11(c)(1)(C), to jointly recommend that the Court impose a three (3) year term of supervised release.

13. <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

14. <u>Removal/Deportation</u>:

The Defendant understands that he has no lawful immigration status to reside in the United States. Consequently, he will be removed/deported once he completes his term of incarceration. The Defendant acknowledges that he has been advised by his attorney that as a consequence of pleading guilty, he may forever be barred from obtaining lawful immigration status within the United States.

15. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

16. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay

Plea Agreement - 8
curryplea.wpd

toward these obligations by participating in the Bureau of Prisons' Inmate
Financial Responsibility Program.

      17.    <u>Additional Violations of Law Can Void Plea Agreement</u>:

      The Defendant and the United States agree that the United States may at its
option and upon written notice to the Defendant, withdraw from this Plea
Agreement or modify its recommendation for sentence if, prior to the imposition
of sentence, the Defendant is charged or convicted of any criminal offense
whatsoever or if the Defendant tests positive for any controlled substance.

      18.    <u>Conditional Waiver of Appeal Rights</u>:

      In return for the concessions that the United States has made in this Plea
Agreement, the Defendant agrees to waive his right to appeal his conviction or
sentence if the Court imposes a period of incarceration no longer than one-
hundred and two (102) months, imposes a term of supervised release of no longer
than three (3) years, forfeiture, and imposes a special penalty assessment of $100.
The Defendant further expressly waives his right to file any post-conviction
motion attacking his conviction and sentence, including a motion pursuant to 28
U.S.C. § 2255, except one based upon ineffective assistance of counsel based on
information not now known by the Defendant and which, in the exercise of due
diligence, could not be known by the Defendant by the time the Court imposes the
sentence.

      19.    <u>Integration Clause</u>:

      The United States and the Defendant acknowledge that this document
constitutes the entire Plea Agreement between the United States and the
Defendant, and no other promises, agreements, or conditions exist between the
United States and the Defendant concerning the resolution of the case.  This Plea
Agreement is binding only upon the United States Attorney's Office for the
Eastern District of Washington, and cannot bind other federal, state or local
authorities.  The United States and the Defendant agree that this agreement cannot
be modified except in a writing that is signed by the United States and the
Defendant.

Plea Agreement - 9
curryplea.wpd

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Michael C. Ormsby
United States Attorney

_____        2/17/11
Aine Ahmed                                      Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____        2/17/11
Joseph Patrick Curry                        Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____        2/17/11
Mr. Christian J. Phelps                       Date
Attorney for the Defendant

Plea Agreement - 10
curryplea.wpd