IN THE UNITED STATES DISTRICT COURT

FOR THE __EASTERN__ DISTRICT OF __WASHINGTON__

__SPOKANE__ DIVISION

CASE NO: 2:07CR00120-001

JOSEPH PATRICK CURRY,

PETITIONER,

vs.

UNITED STATES OF AMERICA,

RESPONDENT.

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 22 2015

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(c)(2) IN LIGHT OF RETROACTIVE EFFECT OF AMENDMENT 782

On July 18, 2014, the United States Sentencing Comission unanimously agreed to the retroactive application of the Amendment 782, subject to a special instruction. Amendment 782 generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.

The proposed amendment also provides a new application note clarifying that this special instruction does not preclude the court from conducting sentence reduction proceedings and entering orders, before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or lator.

In light of the aforementioned synopsis, the petitioner __Joseph Patrick Curry__, humbly cmes before this court, proceeding pro se, requesting retroactive application of Amendment 782, as he qualifies under 1B1.10. In support thereof, he states the following.

On __05/05/2011__, the petitioner was sentenced to a term of __102__ months followed by __3__ years of supervised release

RECEIVED

MAY 22 2015

CLERK, U.S. DISTRICT COURT
SPOKANE, WA

The petitioner was convicted of violating Federal Statue(s) 21:952 & 960(B)(3) Imporation of 3,4-Methlenedioxymethamphetamine (MDMA/Ecstasy), a schedule I controlled substance.

Under the discretion of the Honorable Judge, the Court makes two determinations deciding whether or not to modify a sentence under 18 U.S.C. 3582(c)(2). First, what sentence would have been imposed had the retroactive amendment been in effect at the time the defendant was sentenced. Second, leaving untouched all the other provious factual decisions concerning the particularized sentencing factors, what sentence it would have imposed, had the new sentencing range been the range at the time of the original sentencing. See U.S. vs. Wyatt, 115 F.3d 606, 609(8th Cir. 1997).

In the case of the petitioner, under the factors set forth in 3553(a), defendants low level role in the underlying offense, does not pose any threat to public safety. Petitioner's case was not one of a violent nature. In conclusion, petitioner, **Joseph Patrick Curry**, respectfully requests this court to grant him his motion for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(2), as he meets the qualifying criteria for eligibility of the retroactive application of Amendment 782, in effect November 1, 2014. The petitioner has attached a copy of all post sentencing rehabilitaton, as well as a copy of his sentence computation sheet and his judgement in the case.

Respectfully submitted,

## CERTIFICATE OF SERVICE

I, __Joseph Patrick Curry__, hereby declare under penalty of perjury, that the above mentioned motion with its true copies was handed to the prison officials at Reeves County Detention Center 1 & 2, to be mailed to the following address:

**CLERK OF THE COURT**

**UNITED STATES DISTRICT COURT**

**EASTERN** DISTRICT OF **WASHINGTON**

**P.O. Box 1493**

**SPOKANSE, WASHINGTON 99210-1493**

on __05/13/2015__.

So Served,

Executed: __05/13/2015__