UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>JOSEPH CURRY,<br><br>                    Defendant. | CASE NO. 07-CR-0120-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

Before the Court, without oral argument, is Defendant Joseph Curry's Pro Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Retroactive Effect of Amendment 782. ECF No. 67. Defendant was sentenced on May 5, 2011, to 102 months imprisonment, ECF No. 60, and Judgment was entered, ECF No. 62. Defendant now moves the Court under 18 U.S.C. § 3582 to reduce his sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines.

Amendment 782 reduced the base offense level in the Guidelines' drug quantity tables by two levels. *See* U.S.S.G. § 2D1.1(c). Under Section 1B1.10 of the Guidelines, the Court may reduce Defendant's term of imprisonment if the applicable Guideline range has been lowered by an amendment to the Guidelines. Here, Defendant's original

ORDER - 1

Sentencing Guideline range was 240 months.[1]  Statement of Reasons, ECF No. 63.  Defendant was sentenced below the Guideline to 102 months imprisonment, pursuant to a binding plea agreement.  *See* Plea Agreement, ECF No. 49.  In the plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant and the United States agreed to a sentence of 102 months imprisonment.  Plea Agreement, ECF No. 49 at 2-3.  If the Court imposed a sentence higher than that agreed upon, Defendant could withdraw, and if the Court imposed a lower sentence, the United States could withdraw.  *See* Fed. R. Crim. P. 11(c)(1)(C).  However, the Court accepted the parties' agreement and sentenced Defendant consistent with the plea agreement.  Order Accepting Plea Agreement, ECF No. 61; Judgment, ECF No. 62.

Defendant is not eligible for a sentence reduction because the sentence agreed upon in his plea agreement was not based on the Sentencing Guideline range.  In *Freeman v. United States*, 131 S. Ct. 2685 (2011), a four-justice plurality found that a court may "revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytical framework the judge used to determine the sentence or to approve the agreement."  *Id*. at 2692-93.  But Justice Sotomayor's narrower concurrence, which is controlling, held that a sentence imposed under a Rule 11(c)(1)(C) plea is "based

---

[1] The Sentencing Guideline range for an individual with a total offense level of 44 and a criminal history category of I was life, but the statutory maximum for Defendant's offense was 240 months, 21 U.S.C. §§ 952 & 960, thus limiting the Guideline range.

ORDER - 2

on" a guideline subsequently amended if: (1) the agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment," and (2) that sentencing range was subsequently amended. *United States v. Pleasant*, 704 F.3d 808, 811 (9th Cir. 2013) (quoting *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment)).

Having reviewed the plea agreement, the Court finds that the parties agreed specifically to a 102-month term of imprisonment. Plea Agreement, ECF No. 49 at 2 ("[T]he Defendant and the United States agree to jointly recommend that the Court impose a term of imprisonment of one-hundred and two (102) months"). The plea agreement does not rely on the Guideline range to establish the term of imprisonment. *Id.* at 2-3. Indeed, the 102-month sentence agreed upon was well below the Guideline range of 240 months. Because the parties' agreed upon sentence was not "based on" the Guideline range, Defendant is not eligible for a sentence reduction. *See Pleasant*, 704 F.3d at 811. Accordingly, **IT IS HEREBY ORDERED**: Defendant's motion for reduction of sentence, **ECF No. 67**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant, all counsel, and the U.S. Probation Office.

**DATED** this   2nd   day of June 2015.

                    s/Edward F. Shea
                    EDWARD F. SHEA
            Senior United States District Judge

Q:\EFS\Criminal\2007\0120.deny.mot.reduc.sent.lc2.docx

ORDER - 3